UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>Charles Norton, Jr.<br><br>Debtor. | Chapter 7 Case No.: 25-11271-JEB |
| Rockland Trust Company<br><br>Plaintiff,<br><br>v.<br><br>Charles Norton, Jr.<br><br>Defendant. | Adv. Proc. No. 26-01035-JEB |

**DEFENDANT CHARLES F. NORTON, JR.'S ANSWER TO COMPLAINT**

Defendant Charles F. Norton, Jr. (the "Defendant" or "Debtor"), by and through his counsel, answers the Complaint of Plaintiff Rockland Trust Company ("Rockland Trust") as follows. Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint and denies that Rockland Trust is entitled to any of the relief requested.

RESPONSES TO NUMBERED ALLEGATIONS

1. Defendant admits that this Court has subject-matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334 and that an action concerning dischargeability is a core proceeding under 28 U.S.C. § 157(b)(2)(I).
2. Admitted.

3. Defendant admits that Rockland Trust purports to be a creditor and has commenced this action. Defendant denies any remaining allegation or legal conclusion inconsistent with this Answer.

4. Defendant admits that Rockland Trust invokes 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and applicable Bankruptcy Rules. Defendant denies that Rockland Trust is entitled to relief under those provisions.

5. Admitted.

6. Defendant states that this paragraph asserts a legal position concerning consent to final adjudication to which no response is required. To the extent a response is deemed required, Defendant admits that this Court may enter final judgment in this dischargeability proceeding to the extent permitted by law.

7. Defendant admits that Rockland Trust is a Massachusetts banking institution and asserts a claim against Defendant. Defendant denies any characterization of the claim inconsistent with this Answer.

8. Admitted.

9. Admitted.

10. Defendant admits that Worcester Business Center, LLC ("WBC") owned the commercial property located at 66 and 67 Millbrook Street, Worcester, Massachusetts, and that the property generated rental income. Defendant denies any remaining allegation to the extent inconsistent with the governing organizational documents or the facts.

11. Defendant admits that WBC Holding Company, LLC served as the member/owner of WBC and that Defendant served in management roles during portions of the period

alleged. Defendant denies that the allegations accurately or completely characterize the scope of his authority, control, duties or conduct.

12. Defendant admits that he held an ownership interest associated with WBC. Defendant is without sufficient knowledge to admit the precise percentage alleged as of every relevant time and therefore denies the same.

13. Defendant admits that Franklin Realty Advisors LLC ("FRA") provided property-management and/or development services and that Defendant held an ownership and management interest in FRA. Defendant denies the remaining allegations, including any implication of wrongful dominion, control or use of funds.

14. Defendant admits that Rockland Trust made a commercial loan to WBC in or about the principal amount alleged and that Defendant executed loan documents on behalf of WBC. The written Loan Agreement speaks for itself as to its complete terms.

15. Defendant admits that the Loan was secured by a mortgage concerning the Worcester property. The Mortgage speaks for itself as to its terms and legal effect.

16. Defendant admits that WBC executed a Security Agreement in connection with the Loan. The Security Agreement speaks for itself as to its terms, scope, priority and legal effect.

17. Defendant admits that he executed a Limited Guaranty in connection with the Loan. Defendant denies Rockland Trust's characterization of the circumstances under which liability arises and states that the Personal Guaranty speaks for itself.

18. Defendant admits that rental income was a source of WBC revenue and was relevant to repayment of the Loan. Defendant denies the remaining characterization and states that the Loan Agreement speaks for itself.

19. Defendant admits that the Loan Agreement contains provisions concerning depository accounts and rental receipts. Defendant denies Rockland Trust's characterization to the extent it is incomplete or inconsistent with the actual Loan Agreement, which speaks for itself.

20. Defendant admits that the Loan Agreement contains provisions concerning additional indebtedness and loans or advances. The Loan Agreement speaks for itself. Defendant denies any allegation that he engaged in fraudulent, dishonest, or nondischargeable conduct.

21. Defendant admits that the Loan Agreement contains provisions concerning liens and encumbrances. The Loan Agreement speaks for itself. Defendant denies any remaining characterization.

22. Defendant is without knowledge sufficient to admit or deny Rockland Trust's internal underwriting motivations and therefore denies the allegation.

23. Defendant admits that he executed certain loan documents after having the opportunity to review them and consult counsel. Defendant denies any remaining allegation to the extent it is intended to imply fraud, deception or wrongful intent.

24. Denied. Defendant specifically denies that he embarked upon any fraudulent scheme, intentionally impaired Rockland Trust's collateral, intentionally concealed material information for the purpose of harming Rockland Trust or used WBC funds for an improper personal benefit.

25. Defendant admits that WBC entered into certain merchant cash advance or revenue-purchase transactions during 2025. Defendant denies that the transactions constituted fraud against Rockland Trust or were undertaken with fraudulent intent.

26. Defendant admits that WBC entered into an agreement with CAPYTAL.com in or about March 2025. The agreement speaks for itself as to its terms. Defendant denies Rockland Trust's legal characterization of the transaction and any allegation of fraud or improper intent.

27. Defendant admits that the CAPYTAL.com agreement contained repayment/remittance provisions. The agreement speaks for itself. Defendant denies the remaining characterization.

28. Defendant admits that documents were executed in connection with the CAPYTAL.com transaction. Those documents speak for themselves. Defendant denies any allegation that he acted with fraudulent or malicious intent toward Rockland Trust.

29. Defendant admits that WBC entered into a transaction with Honest Funding in or about March 2025. The agreement speaks for itself. Defendant denies the remaining allegations and characterizations.

30. Defendant admits that the Honest Funding agreement speaks for itself. Defendant denies the remaining characterization.

31. Defendant admits that documents were executed in connection with the Honest Funding transaction. Those documents speak for themselves. Defendant denies any allegation that he acted with fraudulent or malicious intent toward Rockland Trust.

32. Defendant denies the allegations as stated, including the alleged scope, amount, characterization and legal effect of any pledges involving WBC assets. Defendant further denies any fraudulent scheme or intent to injure Rockland Trust.

33. Denied. Defendant denies intentionally concealing transactions from Rockland Trust for a fraudulent purpose, denies acting with intent to deceive or injure Rockland Trust and denies that the alleged conduct renders any debt nondischargeable.

34. Defendant denies Rockland Trust's allegations concerning Defendant's purpose, intent, concealment, causation and alleged fraudulent scheme and denies that such conduct establishes nondischargeability.

35. Defendant denies that he fraudulently concealed information from Rockland Trust, denies the alleged causal inferences, and denies any intent to deceive or injure Rockland Trust.

36. Denied. Defendant denies that he engaged in a scheme that wrongfully deprived Rockland Trust of collateral or account control, intentionally impaired Rockland Trust's security or caused a nondischargeable loss.

37. Denied. Defendant specifically denies wrongfully funneling WBC funds for his personal benefit or for the improper benefit of affiliated entities.

38. Denied. Defendant denies that he wrongfully or fraudulently used WBC to provide undisclosed interest-free loans to FRA for his personal benefit, denies the alleged amount to the extent not established by competent evidence and specifically denies employing accounting schemes to manipulate finances or conceal misconduct from Rockland Trust.

39. Defendant denies the allegations as stated and specifically denies that any tax or property-expense issue resulted from fraudulent or malicious conduct by Defendant.

40. Defendant states that the Loan Agreement speaks for itself. Defendant denies that he fraudulently concealed information, submitted misleading disclosures or breached any disclosure obligation with the intent required under 11 U.S.C. § 523.

41. Denied. Defendant denies that any alleged nondisclosure caused the losses claimed by Rockland Trust or that earlier action by Rockland Trust would have prevented or reduced the alleged loss.

42. Defendant admits that managerial authority over WBC changed and that the property was ultimately marketed for sale. Defendant denies Rockland Trust's characterization that this resulted from Defendant's malfeasance or fraudulent conduct and denies the remaining allegations.

43. Defendant admits that the WBC property was sold to UMass Memorial Health in or about April 2026 and that proceeds were applied to Rockland Trust's loan. Defendant denies that his conduct caused any deficiency, denies that a Triggering Event occurred by reason of fraudulent or malicious conduct, denies Rockland Trust's characterization of liability under the Personal Guaranty and denies that any resulting debt is nondischargeable.

44. Defendant repeats and incorporates his responses to paragraphs 1 through 43.

45. Denied.

46. Denied.

47. Denied. Defendant specifically denies false pretenses, actual fraud, intent to deceive or intent to induce Rockland Trust to forbear from exercising remedies.

48. Defendant denies that Rockland Trust justifiably relied upon any false representation, false pretense, or fraud by Defendant. The Defendant further denies that any damages were caused by such conduct and denies the nature and amount of damages claimed. The Loan Agreement and Personal Guaranty speak for themselves.

49. Denied. Defendant denies that any debt to Rockland Trust is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

50. Defendant repeats and incorporates his responses to paragraphs 1 through 49.

51. Denied. Defendant denies wrongfully appropriating Rockland Trust's property or funds, denies using any such property for an unauthorized personal purpose and denies that Rockland Trust possessed the superior property rights alleged in the manner asserted.

52. Denied. Defendant specifically denies committing embezzlement or larceny within the meaning of 11 U.S.C. § 523(a)(4).

53. Denied. Defendant denies that any debt to Rockland Trust is excepted from discharge under 11 U.S.C. § 523(a)(4).

54. Defendant repeats and incorporates his responses to paragraphs 1 through 53.

55. Denied. Defendant specifically denies willfully and maliciously injuring Rockland Trust or its property and denies intentionally diverting or stripping collateral with an intent to cause injury.

56. Denied. Defendant denies that he acted with knowledge that injury to Rockland Trust was substantially certain and denies that he acted without just cause or excuse.

57. Denied. Defendant denies that any debt to Rockland Trust is excepted from discharge under 11 U.S.C. § 523(a)(6).

## AFFIRMATIVE DEFENSES

1. Rockland Trust fails to state a claim upon which relief can be granted except to the extent proven by competent evidence at trial.

2. Rockland Trust cannot establish the elements required for nondischargeability under 11 U.S.C. § 523(a)(2)(A), including a false representation, false pretense, or actual fraud by

Defendant, the requisite intent, justifiable reliance and proximate causation of the debt claimed.

3. Rockland Trust cannot establish embezzlement or larceny within the meaning of 11 U.S.C. § 523(a)(4), including the required wrongful appropriation or taking accompanied by fraudulent intent.

4. Rockland Trust cannot establish that Defendant caused a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6), including a deliberate or intentional injury as opposed to an alleged intentional act that resulted in injury.

5. To the extent Rockland Trust's allegations amount to alleged breaches of commercial loan documents, guaranties, covenants, or contractual duties, Defendant denies that any such alleged breach, without proof of the independent elements required by § 523, renders a debt nondischargeable.

6. Rockland Trust's alleged damages and deficiency were caused, in whole or in part, by factors other than any actionable conduct of Defendant and Defendant denies proximate causation and the amount of damages claimed.

WHEREFORE, the Defendant respectfully requests that the Plaintiff take nothing by way of its complaint and that all relief be granted in favor of the Defendant

Respectfully submitted,
Charles Norton
By his attorney,
/s/ James P. Ehrhard, Esq.
James P. Ehrhard, Esq. (BBO#651797)
Ehrhard & Associates, P.C.
27 Mechanic Street, Suite 101
Worcester, Massachusetts 01608
Telephone: 508.791.8411
Email: ehrhard@ehrhardlaw.com

Dated: September 3, 2026

CERTIFICATE OF SERVICE

I, James P. Ehrhard, hereby certify that I sent a copy of the above Answer to the following parties via U.S. Mail if not noted as having received service via the ECF system on this 3rd day of September, 2026:

Samuel R. Rowley, Esq. via ECF

/s/ James P. Ehrhard, Esq.
James P. Ehrhard, Esq.

Dated: September 3, 2026